**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE GREIMANN,<br><br>Defendant. | No. CR05-3005-LRR<br><br>**FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

___

This matter is before the court pursuant to its March 18, 2008 order. In such order, the court, among other things, discussed Amendment 706, as amended by Amendment 711, to USSG §2D1.1 and stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. The maximum reduction results in a new term . . . of 46 months imprisonment.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

Neither party filed objections to the court's March 18, 2008 order. Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 51 month term of imprisonment, as

reflected in the judgment dated October 12, 2005, is reduced to 46 months imprisonment.[1] The defendant's new term of imprisonment of 46 months applies to count 1 and count 6 of the superseding indictment. Except as provided above, all provisions of the judgment dated October 12, 2005 remain in effect. As previously stated in the March 18, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 02998-029.

**IT IS SO ORDERED**.

**DATED** this 1st day of May, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] For purposes of the March 18, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 24 | Amended Offense Level: | 23 |
| --- | --- | --- | --- |
| Criminal History Category: | I | Criminal History Category: | I |
| Previous Guideline Range: | 51 to 63 months | Amended Guideline Range: | 46 to 57 months |

In its prior order, the court noted that, although it originally relied on USSG §2D1.1(a)(3)(ii) to decrease by three levels the defendant's base offense level, the defendant is only eligible for a two level reduction under USSG §2D1.1(a)(3)(i). Given a base offense level of 30, a total offense level of 23 is reached by subtracting two levels under USSG §2D1.1(b)(6) (now USSG §2D1.1(b)(11)), subtracting two levels under USSG §3B1.2(b) and subtracting three levels under USSG §3E1.1(b). The reduced sentence of 46 months imprisonment is within the amended guideline range.